paid for services in the year 1918 was the subject of discussion between the president and the general manager of the taxpayer, and these discussions were conducted in the presence and hearing of two other directors. It was determined in July, 1918, by the general manager, that additional salaries of $5,000 each should be paid to the president and general manager, and such fact was communicated to the president at that time. After the close of the year a tax advisor was called in, who informed the president that, in order to make the payment of the additional salaries legal, formal action of the board of directors was necessary. The general manager protested the necessity of such action, but upon the insistence of the president a formal resolution was passed by the directors on January 10, 1919, authorizing the payment of the additional salaries to the persons and in the amounts as formerly fixed by the general manager. The accountant who prepared the taxpayer's original return for the year 1918 doubted the validity of the deduction and made no claim therefor. After consultation with certain tax officials, amended returns were filed for that year in which the amount of the additional salaries was claimed as a deduction, and this deduction has been disallowed by the Commissioner.

Upon these facts we are of opinion that the action of the general manager and the communication of such action to the president of the company created a valid obligation on the part of the corporation to pay the amount of the additional salaries and without any formal action on the part of the directors. If any question can be raised as to the extent of the authority of the general manager under the resolution in fixing salaries or additional salaries of the officers or employees, we think the practical construction by the taxpayer, continued over a period of years without objection from the directors and stockholders, should control, and that the action of the general manager in such circumstances is the action of the corporation. The fact that the board of directors in the year following passed a formal resolution authorizing the payment of additional salaries to the same officers and in the same amounts can not impair the authority previously vested in the general manager and actually exercised by him. The most that can be said for the resolution of January 10, 1919, is that it was passed for further security and in confirmation of action theretofore legally binding.

It is our opinion that the additional salaries in the amount of $10,000, fixed by the general manager in 1918, are properly deductible from gross income in that year.

---

**Appeal of BORDENTOWN DAIRY CO.**    Docket No. 1191.

The taxpayer is not entitled to relief in the absence of sufficient evidence to establish the allegations asserted in the petition.

Submitted February 16, 1925; decided February 27, 1925.

*A. Henry Baum, C. P. A.*, for the taxpayer.

*J. A. Adams, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

This appeal involves income and profits taxes for the fiscal year
ended August 31, 1921, in the amount of $195.13, as outlined in the
deficiency letter mailed to the taxpayer on November 26, 1924. The
appeal, which was filed on December 24, 1924, alleges that the
Commissioner erred in refusing to allow depreciation for the fiscal
year ended August 31, 1921, of 50 per cent of the cost of certain
equipment purchased during 1920.

### FINDINGS OF FACT.

The taxpayer is a New Jersey corporation with its principal place
of business at Bordentown, N. J., and during the fiscal year ended
August 31, 1921, was engaged in the dairy and ice cream business.
In its return for the fiscal year ended August 31, 1921, it claimed
depreciation in the amount of $1,179.10, which represented 50 per
cent of the cost, in 1920, of certain soda-fountain equipment. The
Commissioner reduced the amount of depreciation claimed to 10 per
cent, or $235.82. No satisfactory evidence was adduced to show that
the depreciation allowed by the Commissioner was insufficient.

### DECISION.

The deficiency as determined by the Commissioner is approved.
The taxpayer has failed to substantiate the allegations of its peti-
tion on appeal by competent evidence.

---

Appeal of **ALBERT C. McLOON &**          Docket No. 318.
          **CO.**

Submitted January 26, 1925; decided February 27, 1925.

H. M. Pero, Esq., for the taxpayer.
*Robert A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of In-
ternal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This appeal was on the calendar for hearing on December 10, 1924,
at which time the taxpayer was represented by counsel, and, after
a conference between counsel for the taxpayer and the Commis-
sioner, a continuance was ordered until January 26, 1925. When
the appeal was called for hearing on January 26, 1925, no one ap-
peared to represent the taxpayer.

The taxpayer appealed from a Commissioner's deficiency letter
proposing to assess an additional tax for a fiscal year ended March
31, 1920, in the amount of $820.21, and the petition set forth that
the appeal was predicated upon the rejection by the Commissioner
of (a) depreciation deduction in the sum of $1,956.50, and (b) the
reduction of invested capital in the sum of $8,750 on account of
dividends paid during the taxable year; the petition alleging that